IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| N.E., by and through his parents C.E. and P.E.<br><br>                 Plaintiffs,<br><br>   v.<br><br>SEATTLE SCHOOL DISTRICT<br><br>                 Defendant. | NO.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; SUMMONS |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff N.E. (the "Student"), by and through his parents C.E. and P.E. (the "Parents"), represented by the undersigned counsel, hereby seeks review of an administrative agency decision and submits this complaint for declaratory and injunctive relief and alleges as follows:

### I.    INTRODUCTION

1.    Plaintiffs appeal from and seek judicial review of an Order Denying Parents' Stay-Put Motion dated October 2, 2015 (the "Order"), rendered by David Hansen, an Administrative Law Judge (ALJ) at the Office of Administrative Hearings in Seattle, WA.

2.    The Order wrongly interpreted "current educational placement" for the purposes of implementing 20 U.S.C. 1415(j), finding that a self-contained program for behaviorally

**Cassady Law Firm**
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
charlotte@cassadylaw.org
Phone (206) 452-5665 ● Fax (206) 299-9960

disordered students was "current" even though it was never agreed upon nor implemented, simply because it was planned at approximately the same time as a three-week interim placement completed at the end of the school year.

3.      The Parents had initially requested the interim placement weeks prior to the IEP meeting at which the self-contained program was proposed (and rejected by the Parents) and the Parties finally agreed to the interim program only after Student had been out of school for over a week due to a disciplinary allegation. The Parents were not informed and did not believe that the interim placement was linked to the self-contained program proposed for the following school year since they had unambiguously rejected the proposed self-contained program and that program was never implemented.

## II.   JURISDICTION

4.      Plaintiffs' claims arise under the Individuals with Disabilities in Education Act (IDEA), 20 USC §1415(i)(2)(A); the Declaratory Judgments Act, 28 USC §2201 and §2202; the state Education for All Act (State Act), Chapter 28A.13 RCW; and the regulations promulgated thereunder, including WAC 392-172A-05115.  By these laws, the parents are entitled to bring an action in a district court of the United States without regard to the amount in controversy and to have the court receive the records of the administrative proceedings at issue.  20 USC §1415(i)(2)(C)(i); WAC 392-172A-05115(3) and (4).

5.      This Court has jurisdiction pursuant to 28 USC §1331; 20 USC §1415(i)(2)(A); and, as to the state claims, its pendant jurisdiction.

6.      The ALJ's "stay put" order is a collateral order subject to interlocutory appeal.

7.      Venue lies in the Western District of Washington pursuant to 28 U.S.C. §1392(b) because the parties reside in and Plaintiffs' claims arose in the District.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF; SUMMONS - 2

### III.   PARTIES

8.      Plaintiff N.E. is a Student within the Seattle School District eligible for special education services under the disability category Health Impaired due to a complex profile of intellectual giftedness, attention deficit/hyperactivity disorder, and sensory motor hypersensitivity. He was born in 2006 and is eligible to receive special education and related services under the IDEA until his 22nd birthday in 2028. The Student is not currently attending school due to the placement dispute at issue here.

9.      Plaintiffs C.E. and P.E. are N.E.'s parents and educational representatives.

10.     Defendant Seattle School District, located in Seattle, Washington, is responsible for the provision of a free and appropriate public education (FAPE) to students with disabilities residing within its boundaries pursuant to the IDEA and relevant enforceable state laws and regulations.

### IV.   FACTUAL ALLEGATIONS

11.     The Student attended Bellevue School District ("BSD") from April 2012 until June 2015. For all school years prior to 2014-2015 and for most of the 2014-2015 school year, the Student spent 91% of his time in the general education setting with full-time 1:1 paraeducator support. His last agreed upon and implemented educational placement was set forth in an Individualized Educational Program (IEP) dated December 1, 2014.

12.     After a tumultuous start to the 2014-2015 school year, the Parents worked with the BSD on the Student's re-evaluation and behavior plan, which were drafted and proposed at the end of May 2015. At that time, the District also proposed a change of educational placement for the 2015-2016 school year to a self-contained program for emotionally and behaviorally disordered students. The Parents unambiguously rejected that educational placement and wrote

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF; SUMMONS - 3

**Cassady Law Firm**
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
charlotte@cassadylaw.org
Phone (206) 452-5665 • Fax (206) 299-9960

"DISAGREE" on the draft IEP, which they understood to propose the 2015-2016 program. That disputed self-contained program was never implemented.

13.     For approximately three weeks at the end of the school year, the Student attended an interim program with 1:1 instruction. The Parents had initially requested the interim program weeks earlier. The Parents sent the Student to the interim program believing it to be completely unrelated to the disputed self-contained program proposed for the 2015-2016 school year.

14.     At least one week after the Student was already attending the three-week interim program, the BSD issued a Prior Written Notice framing the interim 1:1 program as a "transition" to the self-contained program for the following school year.  This was not consistent with what had been presented to the Parents in prior meetings and was contrary to their understanding of the placement. The BSD also issued an IEP with two placement matrixes: one for the interim program the student was already attending and one for the 2015-2016 school year. The 2014-2015 school year ended shortly thereafter.

15.   The Parents did not file for due process against BSD at the end of the 2014-2015 school year because they were moving to Seattle that summer and knew that the Student's 2015-2016 placement would be determined by the new IEP team in the Seattle School District. Moreover, they believed they had unambiguously rejected the self-contained program and knew that it had never been implemented. Finally, an independent educational evaluation (IEE) paid for by the BSD was pending and the Parents expected this new data to inform their new district's 2015-2016 placement decision.

16.     When they arrived in the Seattle School District, the Parents provided the District with a timeline of events and records including the recently finalized IEE and they requested an IEP meeting prior to the start of the school year. When the Seattle School District adopted the BSD's proposed program for the 2015-2016 school year, the Parents filed due process and

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF; SUMMONS - 4

invoked stay-put seeking to maintain the Student's status quo, which they understood to be his last agreed upon and last implemented educational program and placement pursuant to his December 2014 IEP.

17.     The District argued that by attending the three-week interim program, the Parents had unintentionally agreed to the disputed and unimplemented self-contained program despite their unambiguous rejection of the same.

18.     Administrative Law Judge Hansen issued an order wrongly interpreting "current educational placement" to include the disputed and unimplemented self-contained program.

19.     The Parents, the Student's treating psychologist, and the independent evaluator hired by the BSD are concerned that the proposed self-contained program will be harmful to the Student and exacerbate his existing issues and result in educational and behavioral regression. Accordingly, to date, the Student has not attended school in the Seattle School District.

## V.     CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

A.     Vacate the Administrative Law Judge's decision dated October 2, 2015;

B.     Declare that N.E. is entitled to a stay-put placement in a general education setting over 90% of the school day with the support of a full-time paraeducator pursuant to his last implemented educational placement under the December 2014 IEP;

C.     Order that Defendant provide this stay-put placement pursuant to the December 2014 IEP;

D.     Award Plaintiffs attorney's fees and costs as provided by law; and

E.     Award such further and additional relief as may be just and proper.

**Cassady Law Firm**
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
charlotte@cassadylaw.org
Phone (206) 452-5665 ● Fax (206) 299-9960

1    DATED this 15th day of October, 2015.

2                                          CASSADY LAW

3                                          By:   /s/ *Lara Hruska*
4                                          Lara R. Hruska WSBA #46531
                                           lara@cassadylaw.org
5                                          By:   /s/ *Charlotte Cassady*
                                           Charlotte Cassady WSBA #19848
6                                          charlotte@cassadylaw.org
                                           1700 Seventh Ave. #2100
7                                          Seattle, WA 98101

8                                          *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   COMPLAINT FOR DECLARATORY AND INJUNCTIVE
     RELIEF; SUMMONS - 6