1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    N.E., et al.,                                                CASE NO. C15-1659JLR

11                              Plaintiffs,                        ORDER TO SHOW CAUSE

12                  v.

13    SEATTLE SCHOOL DISTRICT,

14                              Defendant.

15          On October 16, 2015, Plaintiffs N.E. and his parents, C.E. and P.E. (collectively,

16    "the Parents"), filed this action as an interlocutory appeal from an administrative law

17    judge's ("ALJ") "stay put" decision on N.E.'s 2015-16 individualized education program

18    ("IEP").  (Compl. (Dkt. # 1).)

19          N.E. is a male child who attended third grade at New Heights Elementary School

20    in the Bellevue School District ("the BSD") for most of the 2014-15 school year.  (*See*

21    Hruska Decl. (Dkt. # 3) ¶ 7, Ex. 7 ("ALJ Decision") at 2.)  During most of that year and

22    in the prior years, N.E.'s IEP placed him in general education classes with paraeducator

1  support ("general classes") for the majority of the school day.  (*See id.*; C.E. Decl. (Dkt.

2  # 4) ¶ 1.)  The most recent IEP reflecting that arrangement dates from December 2014

3  ("the December 2014 IEP").  (*See* ALJ Decision at 2; C.E. Decl. ¶ 2, Ex. 1 ("12/14

4  IEP").)

5       N.E. had substantial difficulties during the 2014-15 school year.  (*See* ALJ

6  Decision at 2; C.E. Decl. ¶ 3.)  Certain BSD officials and teachers, the Parents, and their

7  respective counsel attended an IEP meeting on May 26, 2015.  (*See* ALJ Decision at 2;

8  Hruska Decl. ¶ 5, Ex. 4 at 10-13 ("Landwehr Decl.") ¶ 5.)  At the meeting, the BSD

9  proposed a new IEP that would place N.E. in specialized classes for students with

10 behavioral and emotional disorders ("separate classes").  (*See* Landwehr Decl. ¶ 5; C.E.

11 Decl. ¶ 3.)  The Parents objected to this proposal.  (*See* ALJ Decision at 2; C.E. Decl. ¶ 3;

12 Landwehr Decl. ¶ 5.)

13      At the meeting, BSD officials and the Parents also discussed where to place N.E.

14 for the remainder of the school year.  (*See* ALJ Decision at 2.)  When the meeting

15 occurred, N.E. was subject to an emergency expulsion, and the Parents were

16 uncomfortable with N.E. returning to Newport Heights Elementary.  (*See id.*; Landwehr

17 Decl. ¶ 6.)  The BSD and the Parents agreed that N.E. would finish the final weeks of the

18 2014-15 school year at a different school in the district.  At that school, N.E. would spend

19 the majority of the day in a one-on-two setting that included N.E., a teacher, and a

20 paraeducator, but no other students ("individual classes").  (*See* ALJ Decision at 2; C.E.

21 Decl. ¶ 4; Landwehr Decl. ¶ 6.)

22 //

1    One day later, on May 27, 2015, the BSD produced a final IEP for N.E. ("the May

2    2015 IEP").  (*See* ALJ Decision at 2; C.E. Decl. ¶ 5, Ex. 2 ("5/15 IEP").)  The May 2015

3    IEP had two stages:  (1) N.E. would finish the end of the 2014-15 school year in the

4    agreed-upon individual classes; and (2) N.E. would be placed in separate classes at the

5    start of the 2015-16 school year.  (*See* ALJ Decision at 2-3; C.E. Decl. ¶ 5; 5/15 IEP at

6    15-16.)  The Parents did not file an administrative due process challenge to the May 2015

7    IEP and instead allowed N.E. to continue attending the individual classes until the school

8    year ended on June 22, 2015.  (*See* ALJ Decision at 2-3; C.E. Decl. ¶ 7.)

9    The Parents and N.E. moved to Seattle in the summer of 2015 and contacted

10   Defendant Seattle School District ("the SSD") to enroll N.E. for the 2015-16 school year.

11   (*See* ALJ Decision at 3; C.E. Decl. ¶ 8; Landwehr Decl. ¶ 7.)  The Parents requested that

12   the SSD place N.E. in classes similar to the individual classes N.E. had attended during

13   the final part of the prior school year.  (*See* ALJ Decision at 3; Landwehr Decl. ¶ 7.)  The

14   SSD reviewed N.E.'s records and decided to place him in separate classes similar to those

15   contemplated in the second part of the BSD's May 2015 IEP.  (*See* ALJ Decision at 3;

16   C.E. Decl. ¶ 8; Landwehr Decl. ¶ 7.)

17   The Parents objected and filed an administrative due process challenge to the

18   SSD's decision.  (*See* ALJ Decision at 3; Hruska Decl. ¶ 2, Ex. 1 ("DP Hearing Req.").)

19   At the same time, the Parents filed a motion for "stay put," arguing that N.E.'s "stay put"

20   placement is the placement described in the December 2014 IEP—general classes.  (*See*

21   ALJ Decision at 3; DP Hearing Req. at 3; Hruska Decl. ¶ 3, Ex. 2 ("Stay Put Mot.")); 20

22   U.S.C. § 1415(j).  The SSD contended that the separate classes described in the May

2015 IEP represented the appropriate stay put placement for N.E.  (*See* ALJ Decision at 3; Hruska Decl. ¶¶ 4-6, Exs. 3-5.)  Following testimony and oral argument on the stay put motion, the ALJ sided with the SSD and concluded that separate classes were N.E.'s "stay put" placement.  (*See* ALJ Decision at 1, 4.)

Plaintiffs' suit before this court seeks reversal of the ALJ's decision and a declaration that the SSD is required to place N.E. in a general education setting consistent with his December 2014 IEP pending the outcome of Plaintiffs' due process challenge to the SSD's intended placement.  (Compl. at 5.)  Plaintiffs sought a temporary restraining order ("TRO") and preliminary injunction ordering the SSD to place N.E. in general classes pending the outcome of Plaintiffs' due process challenge.  (*See* Compl.; TRO Mot. (Dkt. # 2); 10/27/15 Order (Dkt. # 11) at 5.)  The court denied Plaintiffs' motion because the court found no support for Plaintiffs' theory that the court could "ignore any unrealized stages of a multi-stage IEP or treat such stages as distinct IEPs."  (10/27/15 Order at 9.)

Plaintiffs appealed the court's decision to the Ninth Circuit Court of Appeals.  (*See* Not. of Appeal (Dkt. # 15).)  On November 11, 2016, the Ninth Circuit affirmed the court's denial of the TRO and preliminary injunction.  (App. Op. (Dkt. # 18).)  On February 3, 2017, the Ninth Circuit issued its formal mandate.  (Mandate (Dkt. # 23).)  The parties have not taken any action in this matter since the Ninth Circuit issued its mandate.  (*See generally* Dkt.)

Because the events at the center of Plaintiffs' lawsuit occurred during the 2014-15 and 2015-16 school years and Plaintiffs request relief that relates to N.E.'s placement for

1  the 2015-16 school year, the court ORDERS Plaintiffs to SHOW CAUSE why this case

2  should not be dismissed as moot.  Plaintiffs must file their response no later than ten (10)

3  days after the entry of this order and limit their response to no more than five (5) pages.

4  The SSD may, but is not required to, file a response subject to the same deadline and

5  page limit.

6       Dated this 9th day of March, 2017.

7

8

9  JAMES L. ROBART
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22