UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.E., et al.,<br><br>                      Plaintiffs,<br>     v.<br><br>SEATTLE SCHOOL DISTRICT,<br><br>                      Defendant. | CASE NO. C15-1659JLR<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

## I. INTRODUCTION

Before the court is Plaintiffs N.E., C.E., and P.E.'s[1] (collectively, "Plaintiffs") motion for reconsideration of the court's May 16, 2017, order of dismissal and judgment. (*See* MFR (Dkt. # 34).) The court has reviewed Plaintiffs' motion, the relevant portions

//

//

---

[1] Plaintiffs C.E. and P.E. are N.E.'s parents. The court refers to them as "the Parents."

of the record, and the applicable law. Being fully advised,[2] the court DENIES Plaintiffs' motion for the reasons set forth below.

## II. BACKGROUND

On October 16, 2015, Plaintiffs filed this interlocutory appeal from an administrative law judge's ("ALJ") decision regarding N.E.'s "stay-put" placement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (*See* Compl. (Dkt. # 1) ¶ 1; 1st Hruska Decl. (Dkt. # 3) ¶ 7, Ex. 7 ("ALJ Decision").)

N.E. is a male child who attended third grade at Newport Heights Elementary School in the Bellevue School District ("BSD") for most of the 2014-15 school year. (*See* ALJ Decision at 2.) During most of that year and in the prior years, N.E.'s individual education plan ("IEP") placed him in general education classes with paraeducator support ("general classes") for the majority of the school day. (*See id.*; 1st C.E. Decl. (Dkt. # 4) ¶ 1.) The most recent IEP reflecting that arrangement is dated December 2014 ("the December 2014 IEP"). (*See* ALJ Decision at 2; 1st C.E. Decl. ¶ 2, Ex. 1 ("12/14 IEP").)

N.E. had significant difficulties during the 2014-15 school year. (*See* ALJ Decision at 2; 1st C.E. Decl. ¶ 3.) Certain BSD officials and teachers, the Parents, and their respective counsel attended an IEP meeting on May 26, 2015. (*See* ALJ Decision at 2; 1st Hruska Decl. ¶ 5, Ex. 4 at 10-13 ("Landwehr Decl.") ¶ 5.) At the meeting, the BSD proposed a new IEP that would place N.E. in specialized classes for students with behavioral and emotional disorders ("separate classes"). (*See* Landwehr Decl. ¶ 5; 1st

---

[2] Plaintiffs do not request oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

C.E. Decl. ¶ 3.)  The Parents objected to this proposal.  (*See* ALJ Decision at 2; 1st C.E. Decl. ¶ 3; Landwehr Decl. ¶ 5.)

At the meeting, BSD officials and the Parents also discussed where to place N.E. for the remainder of the school year.  (*See* ALJ Decision at 2.)  When the meeting occurred, N.E. was subject to an emergency expulsion and the Parents were uncomfortable with N.E. returning to Newport Heights.  (*See id.*; Landwehr Decl. ¶ 6.)  The BSD and the Parents agreed that N.E. would finish the final weeks of the 2014-15 school year at a different school in the district.  (*See* ALJ Decision at 2.)  At that school, N.E. would spend the majority of the day in a one-on-two setting that included N.E., a teacher, and a paraeducator, but no other students ("individual classes").  (*See id.*; 1st C.E. Decl. ¶ 4; Landwehr Decl. ¶ 6.)

One day later, on May 27, 2015, the BSD produced a final IEP for N.E. ("the May 2015 IEP").  (*See* ALJ Decision at 2; 1st C.E. Decl. ¶ 5, Ex. 2 ("5/15 IEP").)  The May 2015 IEP had two stages:  (1) N.E. would finish the end of the 2014-15 school year in the agreed-upon individual classes, and (2) N.E. would be placed in separate classes at the start of the 2015-16 school year.  (*See* ALJ Decision at 2-3; 1st C.E. Decl. ¶ 5; 5/15 IEP at 15-16.)  The Parents did not file an administrative due process challenge to the May 2015 IEP and instead allowed N.E. to continue attending the individual classes until the school year ended on June 22, 2015.  (*See* ALJ Decision at 2-3; 1st C.E. Decl. ¶ 7.)

The Parents and N.E. moved to Seattle in the summer of 2015 and contacted the Seattle School District ("the District") to enroll N.E. for the 2015-16 school year.  (*See* ALJ Decision at 3; 1st C.E. Decl. ¶ 8; Landwehr Decl. ¶ 7.)  The Parents requested that

the District place N.E. in classes similar to the individual classes.  (*See* ALJ Decision at 3; Landwehr Decl. ¶ 7.)  The District reviewed N.E.'s records and decided to place him in separate classes similar to those contemplated in the second part of the May 2015 IEP. (*See* ALJ Decision at 3; 1st C.E. Decl. ¶ 8; Landwehr Decl. ¶ 7.)

The Parents objected and filed an administrative due process challenge to the District's decision.  (*See* ALJ Decision at 3; Hruska Decl. ¶ 2, Ex. 1 ("DP Hearing Req.")); 20 U.S.C. § 1415(f).  The due process challenge sought a declaration that the District had denied N.E. a free appropriate public education ("FAPE"), an IEP providing for the individual classes contemplated in the first part of the May 2015 IEP, and reimbursement for private placement.  (DP Hearing Req. at 4-5.)  At the same time, the Parents filed a motion for "stay put," arguing that N.E.'s stay-put placement is the general classes described in the December 2014 IEP.  (*See* ALJ Decision at 3; DP Hearing Req. at 3; 1st Hruska Decl. ¶ 3, Ex. 2 ("Stay-Put Mot.")); 20 U.S.C. § 1415(j) (stating that pending a due process challenge, "the child shall remain in the then-current educational placement of the child").  The District contended that the separate classes described in the May 2015 IEP represented the appropriate stay-put placement for N.E. (*See* ALJ Decision at 3; 1st Hruska Decl. ¶¶ 4-6, Exs. 3-5.)  Following testimony and oral argument on the stay-put motion, the ALJ sided with the District and concluded that separate classes were N.E.'s stay-put placement.  (*See* ALJ Decision at 1, 4.)

Plaintiffs' interlocutory appeal sought reversal of the ALJ's stay-put decision and a declaration that the District is required to place N.E. in a general education setting consistent with his December 2014 IEP pending the outcome of Plaintiffs' due process

challenge to the District's intended placement. (Compl. at 5.) Upon filing this appeal, Plaintiffs sought a temporary restraining order ("TRO") and preliminary injunction ordering the District to place N.E. in general classes pending the due process challenge. (*See* Compl.; TRO Mot. (Dkt. # 2); 10/27/15 Order (Dkt. # 11) at 5.) The court denied Plaintiffs' motion because the court found no support for Plaintiffs' theory that the court could "ignore any unrealized stages of a multi-stage IEP or treat such stages as distinct IEPs." (10/27/15 Order at 9.)

Plaintiffs appealed the court's decision to the Ninth Circuit Court of Appeals. (*See* Not. of Appeal (Dkt. # 15).) On November 11, 2016, the Ninth Circuit affirmed the court's denial of the TRO and preliminary injunction. *See N.E. by and through C.E. & P.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1098 (9th Cir. 2016) (holding that "[s]tage two of the May 2015 IEP . . . was N.E.'s stay-put placement"). On February 3, 2017, the Ninth Circuit issued its formal mandate, returning the case to this court's jurisdiction. (Mandate (Dkt. # 23).)

After the Ninth Circuit issued its mandate, the parties took no further action until the court ordered Plaintiffs to show cause why the case should not be dismissed as moot. (3/9/17 OSC (Dkt. # 24) at 5.) In Plaintiffs' response, they contended that an actual controversy regarding N.E's educational placement continues to exist. (Resp. to OSC (Dkt. # 25) at 2.) Plaintiffs did not inform the court of the status of their underlying due process claim. (*See generally id.*)

When the court ordered Plaintiffs to show cause, the court also afforded the District an opportunity to respond (3/9/17 OSC at 5), but the District did not file a

response at that time (*see* Dkt.). Rather, on March 30, 2017, the District moved to dismiss this matter as moot. (*See generally* MTD (Dkt. # 27).) On May 16, 2017, the court granted the District's motion, concluding that Plaintiffs' interlocutory appeal was moot because the underlying due process claim had been dismissed with prejudice. (5/16/17 Order (Dkt. # 32) at 9 ("The court is no longer able to afford any relief to Plaintiffs because the relief they seek relates directly to N.E.'s stay-put placement pending that particular due process claim . . . .").) The court further concluded that neither Plaintiffs' assertion that they were entitled to reimbursement of educational costs nor Plaintiffs' petition for writ of certiorari to the United States Supreme Court altered the court's mootness determination. (*See id.* at 10-12); 20 U.S.C. § 1412(a)(10)(C)(ii) ("[A] court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that enrollment."). Finally, the court concluded that the case did not fall within the "capable of repetition, yet evading review" exception to mootness because the Parents stipulated to dismiss the underlying due process claim with prejudice should they not prevail before the Ninth Circuit, and the case was therefore inherently limited in duration. (*Id.* at 14-15.) Based on these conclusions, the court dismissed this matter with prejudice and entered judgment. (*Id.* at 16; Judgment (Dkt. # 33).)

Plaintiffs now move for reconsideration on the bases that (1) the court did not consider Federal Rule of Civil Procedure 54(c) in reaching its conclusion, and (2) Plaintiffs provided notice that they intended "to seek reimbursement and compensatory

education in their original due process hearing complaint that contained the motion for stay put on appeal." (MFR at 2.) The court turns to Plaintiffs' motion

### III.    ANALYSIS

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiffs contend that the court should grant their motion to reconsider because the court "failed to even consider" Federal Rule of Civil Procedure 54(c) (MFR at 3), and they requested reimbursement in the underlying due process case (*id.* at 6). Rule 54(c) provides that every final judgment besides a default judgment "should grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also Ryan v. Mesa Unified Sch. Dist.*, 195 F. Supp. 3d 1080, 1088 (D. Ariz. 2016) ("Rule 54(c) allows the court to award monetary damages to [p]laintiffs . . . if they prove facts entitling them to such relief, even though they failed to plead such a request in their complaint."). Rule 54(c) allows courts to "grant whatever relief is appropriate in the case on the facts proved." *Cal. Ins. Guar. Assoc. v. Burwell*, --- F. Supp. 3d ---, 2017 WL 58821, at *10 (C.D. Cal. Jan. 5, 2017) (internal quotation marks omitted).

As an initial matter, Plaintiffs did not raise Rule 54(c) in their response brief. (*See* MTD Resp. (Dkt. # 29) at 2-3.) However, Plaintiffs do not explain why Rule 54(c) provides a basis for reconsideration when they could have earlier brought this authority to

education in their original due process hearing complaint that contained the motion for stay put on appeal." (MFR at 2.) The court turns to Plaintiffs' motion

### III.    ANALYSIS

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiffs contend that the court should grant their motion to reconsider because the court "failed to even consider" Federal Rule of Civil Procedure 54(c) (MFR at 3), and they requested reimbursement in the underlying due process case (*id.* at 6). Rule 54(c) provides that every final judgment besides a default judgment "should grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also Ryan v. Mesa Unified Sch. Dist.*, 195 F. Supp. 3d 1080, 1088 (D. Ariz. 2016) ("Rule 54(c) allows the court to award monetary damages to [p]laintiffs . . . if they prove facts entitling them to such relief, even though they failed to plead such a request in their complaint."). Rule 54(c) allows courts to "grant whatever relief is appropriate in the case on the facts proved." *Cal. Ins. Guar. Assoc. v. Burwell*, --- F. Supp. 3d ---, 2017 WL 58821, at *10 (C.D. Cal. Jan. 5, 2017) (internal quotation marks omitted).

As an initial matter, Plaintiffs did not raise Rule 54(c) in their response brief. (*See* MTD Resp. (Dkt. # 29) at 2-3.) However, Plaintiffs do not explain why Rule 54(c) provides a basis for reconsideration when they could have earlier brought this authority to

education in their original due process hearing complaint that contained the motion for stay put on appeal." (MFR at 2.) The court turns to Plaintiffs' motion

### III.    ANALYSIS

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Plaintiffs contend that the court should grant their motion to reconsider because the court "failed to even consider" Federal Rule of Civil Procedure 54(c) (MFR at 3), and they requested reimbursement in the underlying due process case (*id.* at 6). Rule 54(c) provides that every final judgment besides a default judgment "should grant the relief to which the party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also Ryan v. Mesa Unified Sch. Dist.*, 195 F. Supp. 3d 1080, 1088 (D. Ariz. 2016) ("Rule 54(c) allows the court to award monetary damages to [p]laintiffs . . . if they prove facts entitling them to such relief, even though they failed to plead such a request in their complaint."). Rule 54(c) allows courts to "grant whatever relief is appropriate in the case on the facts proved." *Cal. Ins. Guar. Assoc. v. Burwell*, --- F. Supp. 3d ---, 2017 WL 58821, at *10 (C.D. Cal. Jan. 5, 2017) (internal quotation marks omitted).

As an initial matter, Plaintiffs did not raise Rule 54(c) in their response brief. (*See* MTD Resp. (Dkt. # 29) at 2-3.) However, Plaintiffs do not explain why Rule 54(c) provides a basis for reconsideration when they could have earlier brought this authority to

the court's attention with reasonable diligence. *See* Local Rules W.D. Wash. LCR 7(h)(1). Accordingly, Plaintiffs fail to make the showing required to justify reconsideration. *See id.*

Moreover, although Rule 54(c) permits a court to grant monetary relief where a plaintiff's complaint seeks only declaratory and injunctive relief, *see Z Channel Ltd. P'ship v. Home Box Office, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991), Plaintiffs no longer have a live claim[3] that would entitle them to reimbursement for private placement, *see Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596-97 (7th Cir. 2006) (holding that the parents had abandoned a claim to reimbursement "originat[ing] in their rights under the stay-put injunction" when the parents failed to seek reimbursement in the district court); *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 90 (2d Cir. 2005) (reasoning that "it would be particularly inappropriate to read a prayer for compensatory education" into the operative complaint because the plaintiff "explicitly included such relief in earlier iterations of her pleadings" but failed to include the request in the operative complaint). Like in *Brown*, Plaintiffs abandoned their claim to reimbursement by stipulating to dismissal of the underlying due process case in which

---

[3] At least one court has noted that reimbursement could be viewed as an additional claim or as additional relief on an existing claim, but the court did not decide the issue. *See Houston Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 598 (5th Cir. 2009) (citing Fed. R. Civ. P. 54(c)). Courts in the Ninth Circuit appear to treat reimbursement as a claim rather than simply as a form of relief. *See, e.g.*, *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 890 (9th Cir. 1995) ("The Wartenbergs' claim for reimbursement for . . . tuition is a live controversy."); *Browell v. Lemahieu*, 127 F. Supp. 2d 1117, 1128 (D. Haw. 2000) (holding that an IDEA case was moot because the "[p]laintiff has no monetary claim before this Court," which left "no relief that this Court can give"). Accordingly, because there is no reimbursement claim before the court, *see infra*, the court cannot determine that Plaintiffs are entitled to any relief, regardless of whether they demanded that relief. *See* Fed. R. Civ. P. 54(c).

they sought reimbursement. *See* 442 F.3d at 596-97; (Hokit Decl. (Dkt. # 28) ¶ 4, Ex. 3 (dismissing with prejudice the due process case upon which this interlocutory appeal is premised); *see generally* Compl. (failing to seek reimbursement); *see also* DP Hearing Req. at 5 (requesting in the underlying due process case reimbursement of private placement costs the parents incurred).) Pursuant to that stipulation, the ALJ dismissed with prejudice the 2015-16 claim upon which Plaintiffs base this interlocutory appeal, and there is presently no claim for reimbursement—or any other claim—before the court. Therefore, Plaintiffs' interlocutory appeal is moot (*see* 5/16/17 Order at 9), and the court did not commit manifest error in reaching this conclusion.[4]

Because Plaintiffs fail to demonstrate manifest error in the court's decision or new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence, the court denies their motion for reconsideration.

//

//

//

---

[4] Although Plaintiffs do not raise the issue on reconsideration, the court further notes that the fact that the Parents have filed a new due process claim—in which they apparently seek reimbursement and a decision on stay-put placement related to N.E.'s IEP for the 2016-17 school year—does not remedy the mootness problem. (*See* MTD Resp. at 5; P.E. Decl. (Dkt. # 29-1) ¶¶ 4 (stating the educational costs the Parents have paid from January 2016 to May 2016), 10 (stating that on April 17, 2017, the Parents filed a new due process hearing request that includes a motion for stay-put placement based on N.E.'s December 2014 IEP).) As the court concluded in its order of dismissal, even if this newly filed claim alleges that the District has subjected N.E. to the same actions that gave rise to the 2015-16 due process claim, Plaintiffs failed to establish that this case falls within the "capable of repetition, yet evading review" exception to mootness. (*See* 5/16/17 Order at 14-15.) Accordingly, any request for reimbursement in the new due process case does not warrant reconsideration.

# IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for reconsideration (Dkt. # 34).

Dated this 29th day of June, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge